**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Diane M. Siekierski,** | ) | **CASE NO. 1:10 CV 1211** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Friedman, Domiano & Smith Co., LPA,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon plaintiff's Renewed Motion to Remand (Docs. 13 and 14)[1]. For the following reasons, the motion is GRANTED.

**Discussion**

Plaintiff, Diane M. Siekierski, filed this Complaint against defendant, Friedman, Domiano & Smith Co., LPA, in the Cuyahoga County Common Pleas Court. The Complaint sets forth six counts. Count One alleges handicap discrimination under Ohio Revised Code §

---

[1] The documents are identical except that Document 14 contains counsel's signature.

1

4112.99. Count Two alleges age discrimination under Ohio Revised Code § 4112.99. Count Three alleges breach of implied contract. Count Four alleges promissory estoppel. Count Five alleges wrongful termination. Count Six alleges punitive damages. Defendant removed the case to this Court on the basis of federal question jurisdiction. Defendant cited the language contained in Count Five, "Defendant terminated Plaintiff based because of [sic] her age and because of her recent diagnosis of breast cancer in violation of state and *federal* law." (emphasis added)

Plaintiff filed her first Motion to Remand. Plaintiff pointed out that this case was originally filed in the state court and then dismissed without prejudice. It was re-filed by new counsel "in an eleventh hour filing." In the "press of time," new counsel used the original complaint as "boilerplate" and "inadvertently incorporated" the word "federal" into the paragraph at issue. In an Order denying the request to remand, this Court rejected plaintiff's argument as to what she actually intended and determined that federal question jurisdiction existed as plaintiff had alleged that she was terminated in violation of federal and state law.

Plaintiff subsequently filed her Amended Complaint. In Count Five, entitled Wrongful Termination, plaintiff states, "Defendant terminated Plaintiff based because of [sic] her age and because of her recent diagnosis of breast cancer in violation of state law." Plaintiff thereby eliminated the reference to federal law.

Plaintiff then filed her Renewed Motion to Remand, incorporating her prior motion and simply asserting, "Any language which may have been confused as articulating a federal law cause of action has been stricken in the Amended Complaint."

28 U.S.C. § 1447(c) states, in relevant part, "If at any time before final judgment it

2

appears that the district court lacks subject matter jurisdiction, the case shall be remanded." For the following reasons, the Court finds that remand is proper.

Defendant correctly points out that this Court has discretion in removal actions to retain jurisdiction where a claim giving rise to federal jurisdiction has been dismissed. This Court chooses to exercise its discretion to decline jurisdiction and remand the case to the state court.

Moreover, upon further research and review, the Court finds that the action was not properly removed. The Complaint sets forth state law claims of employment discrimination under Ohio's anti-discrimination statute and state law claims of breach of implied contract, promissory estoppel, and wrongful termination. Count Five is entitled "Wrongful Termination." In Ohio, wrongful termination or discharge is a tort asserting that the employee's dismissal contravenes a public policy manifested by state or federal law. The Sixth Circuit has held that a "plaintiff's state-law employment claim alleging wrongful discharge in violation of federal public policy does not raise a substantial federal question over which federal courts may exercise original or removal jurisdiction..." *Eastman v. Marine Mechanical Corporation,* 438 F.3d 544 (6th Cir. 2006). Therefore, plaintiff's allegation in Count Five that defendant terminated her because of her age and handicap in violation of state and federal law is not a basis for this Court to exercise subject matter jurisdiction. As the Sixth Circuit further recognized in *Eastman,*

> Federal legislation has provided access to the federal courts by aggrieved employees under specifically delineated circumstances, e.g., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*., but our perception is that the bulk of the judicial business in the United States in this area is conducted by the state courts. This

balance would be upset drastically if state public policy claims could be converted into federal actions by the simple expedient of referencing federal law as the source of that public policy. We believe such a dramatic shift would distort the division of judicial labor assumed by Congress under section 1331.

*Id.* at 553. Although Count Five is inartfully plead in that it does not reference the terminology of a "public policy," wrongful termination is a state law tort claim and plaintiff alleged that her termination violated state and federal law. Plaintiff did not set forth any separate allegation of a violation of the federal employment statutes referenced above, i.e., Title VII, the ADEA, the ADA, or the FMLA.

Because plaintiff's Complaint alleged only state law claims, the matter was improperly removed. As this Court lacks subject matter jurisdiction, the matter is remanded to the Cuyahoga County Common Pleas Court.

**Conclusion**

For the foregoing reasons, plaintiff's Renewed Motion to Remand is granted.

IT IS SO ORDERED.

  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/25/10